DULCINA M. HAYDEN, Appellee, *vs.* FRANK A. HAYDEN, Appellant.

*Opinion filed June 16, 1909—Rehearing denied October 14, 1909.*

1. DEEDS—*when a deed cannot be set aside.* A deed knowingly and understandingly made by a wife in consideration of her husband's promise to transfer to her a certain amount of the stock of a corporation cannot be set aside upon the ground that after the certificates of stock were delivered to her they were surreptitiously taken by a subsequent purchaser of the property.

2. SAME—*grantor cannot set aside deed to corporation because the grantee exceeded its power.* The grantor in a deed made to a manufacturing corporation has no standing, in equity, to set aside the deed upon the ground that the corporation exceeded its power in taking the real estate, which was residence property, since the State alone can interfere where a corporation, having power to hold real estate for the purposes of its business, exceeds such power.

APPEAL from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

JOHN M. DUFFY, for appellant.

JOHN J. SWENIE, and T. F. MONAHAN, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal from a decree of the superior court of Cook county setting aside three deeds to certain real estate in the city of Chicago. The bill alleged that appellee was married to Austin B. Hayden in 1895 and lived with him until his death, on September 26, 1903; that she had $600 at the time of her marriage and for three years she was employed and received $25 a week and supported herself and her husband, besides advancing large sums to him; that on March 12, 1902, in consideration of the money so advanced and expended and of love and affection, her husband purchased and had conveyed to her lot 1, in block 1, in Ashland's addition to Chicago; that she immediately

spent $2000 in improvements, and she and her husband resided upon said premises until his death and she has ever since resided there; that her husband organized a corporation called the Hayden Automatic Scale Company, which name was afterward changed to Hayden Manufacturing Company, of which he owned all the stock except two shares, and to which he assigned the patents for a computing scale, time lock and other devices which he had invented; that in March, 1903, her husband insisted upon her conveying said real estate to the Hayden Manufacturing Company, and agreed, in consideration thereof, to transfer to her 498 shares of the stock of said company; that he represented that he held a mortgage of $7500 on said real estate, which he would foreclose unless she conveyed the premises; that she has since learned that there was no mortgage on the premises, but, believing his statement, she, without consideration except his promise to transfer said stock to her, conveyed the premises to the Hayden Manufacturing Company, which on September 23, 1903, conveyed the said premises to Frank A. Hayden, her husband's brother, who now holds the title thereto but with notice of appellee's rights; that the certificates of stock were delivered to her but never assigned in writing, and that after her husband's death Frank A. Hayden surreptitiously obtained possession of them and still retains them. Frank A. Hayden, the heirs and administrators of Austin B. Hayden, and the Hayden Manufacturing Company, were made defendants, and the bill prayed that the deeds to the Hayden Manufacturing Company and to Frank A. Hayden be set aside, that Frank A. Hayden be restrained from interfering with her control of the premises and that the shares of stock be transferred to her.

The answer of Frank A. Hayden denies many of the material averments of the bill, and sets up that on October 30, 1903, the appellee executed to him a quit-claim deed of the premises. By a supplemental bill the appellee alleges

that the first time she ever heard of said quit-claim deed was after the filing of said answer; that if such deed was executed it was obtained from her through fraud, she believing that she was merely signing a receipt for $1200, and she prays that this deed also may be set aside.

There is no evidence that the appellee had $600, or any other sum, when she married Austin B. Hayden, or that she spent $2000, or any other sum, in the improvement of the property in question. There is evidence that on three or four occasions she gave him money but no evidence as to the amount. There is evidence that she sometimes paid their board but no evidence as to the amount, and no evidence that he was ever indebted to her in any amount. He did, however, cause this property to be conveyed to her, voluntarily, so far as the evidence shows. The only evidence in regard to the circumstances attending the conveyance to the Hayden Manufacturing Company was that of the appellee's sister, who testified that appellee's husband wanted appellee to turn the property over to him and he would give her the stock of the company in exchange for it, and that he said there was a $7000 mortgage on it and he would foreclose it if she did not sign a quit-claim deed to him. There is no evidence as to whether there was or was not a mortgage on the premises. The deed to the Hayden Manufacturing Company was knowingly and intentionally executed in consideration of the promise of the grantor's husband to transfer to her stock of the company, and there is not the slightest evidence that would justify setting it aside. The bill alleges that the certificates of stock were delivered to her but were afterward surreptitiously taken by the appellant. This would not authorize the setting aside of the deed. In such case appellee has her remedy to reach the stock or the wrongdoer.

It is suggested in appellee's brief that the Hayden Manufacturing Company had no corporate power to take and hold the title to the property. It is said that that corpora-

tion was organized to carry on a manufacturing business, and that the property was never occupied or used by it in its business but was a residence, which it could not legally own. The corporation had the power to acquire real estate for the purposes of its business, and if in taking the conveyance it exceeded its powers the State alone can interfere. (*Rector* v. *Hartford Deposit Co.* 190 Ill. 380.) Such fact is not cause for setting aside the deed at the suit of the grantor. Having parted with her title she has no interest which can be made the basis for equitable relief. *Hough* v. *Cook County Land Co.* 73 Ill. 23.

The testimony of the appellant, Frank A. Hayden, discloses that his brother, Austin B. Hayden, two or three days before his death, told the appellant that he wanted to deed the premises to appellant in trust for his mother, sisters and brothers, and that he thereupon caused the deed to be executed by the Hayden Manufacturing Company to appellant. It is insisted that Austin B. Hayden having no title to the property could not create a trust therein, and that such trust could only be proved by writing. These propositions, however, have no application to the case, because after appellee's conveyance she had no such interest in the property as was required to give her a standing in a court of equity.

As to the quit-claim deed to Frank A. Hayden, the appellee denied its execution. She is contradicted by the certificate of the officer who certified to her acknowledgment and his testimony as a witness. The evidence is entirely inadequate to set aside the conveyance. Her testimony, and that of the attorney of the appellant, who was also the notary public who took her acknowledgment, are flatly contradictory; but, taking their testimony in connection with the documentary evidence which was produced and the circumstances of the case, we are satisfied that the deed in question was knowingly executed by her with a full understanding of its effect.

The evidence was insufficient to warrant the decree, and it is therefore reversed and the cause is remanded to the superior court, with directions to dismiss the bill for want of equity.   *Reversed and remanded, with directions.*